IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LONNIE KADE WELSH,<br>Institutional ID No. 6516607,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARSHA MCLANE, *et al.*,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 5:23-CV-053-BQ<br>§<br>§<br>§<br>§<br>§ |

## **ORDER**

Before the Court is pro se Plaintiff Lonnie Kade Welsh's notice of voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure. ECF No. 24. Having considered the relevant pleadings and applicable law, the undersigned **DIRECTS** the Clerk of Court to close the above-captioned case in accordance with Welsh's notice.

### **I.   Background**

Welsh filed this action under 42 U.S.C. § 1983 on January 9, 2023 (ECF No. 1), along with a motion for leave to proceed *in forma pauperis* (IFP). ECF No. 2.[1] The United States District Judge transferred the case to the undersigned for preliminary screening under 28 U.S.C. § 1915. ECF No. 9. The undersigned granted Welsh leave to proceed IFP and is in the process of screening the case. *See* ECF No. 19. No defendant has been served. *See id.* at 1 ¶ 1 ("Service of process shall be withheld pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2).").

---

[1] Welsh originally filed this action January 9, 2023, in the United States District Court for the Western District of Texas, Austin Division. ECF No. 1. On March 16, 2023, United States District Judge Robert Pitman transferred the case to the United States District Court for the Northern District of Texas, Lubbock Division under 28 U.S.C. § 1404(a). ECF No. 5.

## II.   Discussion

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i).  Properly invoked, "[t]he notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *Amerijet Int'l, Inc. v. Zero Gravity Corp. (In re Amerijet Int'l, Inc.)*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam).  Indeed, a notice under Rule 41(a)(1)(A)(i) "itself closes the file . . . and the court has no role to play." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).  "Accordingly, the district court may not attach any conditions to the dismissal," and "[a]fter the notice of voluntary dismissal is filed, the district court loses jurisdiction over the case." *Amerijet Int'l, Inc.*, 785 F.3d at 973; *accord Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010).  When a plaintiff files such notice, "[h]e suffers no impairment beyond his fee for filing." *Am. Cyanamid*, 317 F.2d at 297.  Any dismissal under Rule 41(a) is presumed to be without prejudice unless the notice states otherwise. FED. R. CIV. P. 41(a)(1)(B).

The notice clearly states that Welsh seeks dismissal of this action. ECF No. 24 (titling document a "Voluntary Dismissal Fed. R. Civ. P 41(a)").  A Rule 41(a)(1) notice of dismissal is a matter of right, and the Court cannot burden that right. *See Am. Cyanamid*, 317 F.2d at 297 (providing that a case closed pursuant to a properly-filed notice under Rule 41(a)(1) is "the doing of the plaintiff alone"); *Williams v. Ezell*, 531 F.2d 1261, 1263–64 (5th Cir. 1976) (noting that "a plaintiff is entitled as a matter of right to dismiss its complaint where no responsive pleading has been filed," and holding that the lower "court had no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right"), *overruled on other grounds by Cooter*

*& Gell v. Hartmax Corp.*, 496 U.S. 384 (1990). Upon consideration of Welsh's notice, and the record in this action (including that no defendant has filed an answer or summary judgment motion), the Court finds that the notice satisfies the requirements for voluntary dismissal without a court order as set forth in Federal Rule of Civil Procedure 41(a)(1)(A)(i).

### III.    Conclusion

For the foregoing reasons, the undersigned **DIRECTS** the Clerk of Court to close the above-captioned case based on Welsh's self-executing Rule 41(a)(1)(A)(i) notice of dismissal.[2] All pending motions are **DENIED as moot**. ECF Nos. 17, 23.

**SO ORDERED.**

Dated: May __1__, 2023.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] While a "perfunctory order . . . closing the file" is unnecessary (*Am. Cyanamid*, 317 F.2d at 297), the Court administratively enters this Order so the docket properly reflects Welsh's request.